**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>v.<br>**OLUMUYIWA OLUFEMI ILORI,**<br>Defendant. | 1:10-cr-193-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Return of Luggage [93].

**I.   BACKGROUND**

On April 9, 2010, Defendant Olumuyiwa Olufemi Ilori ("Defendant" or "Ilori") traveled from Lagos, Nigeria, to Hartsfield International Airport ("Hartsfield") in Atlanta, Georgia.  (See [1] ¶ 3).  Upon arrival at Hartsfield, the Department of Homeland Security ("DHS") and the Customs and Border Protection ("CBP") "conducted an initial inbound examination" of Defendant. (Id.).

After the CBP conducted a "secondary inspection" of Defendant, Defendant "gave CBP Officers consent to have an x-ray conducted."  (Id. ¶¶ 3-4).  Defendant was transported to Southern Regional Hospital in Atlanta, Georgia.  He tested

positive for heroin, "pass[ing] a total of approximately 70 pellets [of heroin][1] while at the hospital." (Id. ¶ 6).

On May 4, 2010, a grand jury returned a four-count indictment (the "Indictment") against Defendant. [14]. Defendant was charged with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (Count Two); conspiracy to import heroin, in violation of 21 U.S.C. § 963 (Count Three); and importation of heroin, in violation of U.S.C. §§ 812, 952, 960(a)(1), and 960(b)(1)(A) (Count Four). (Id.).

On June 8, 2010, a grand jury returned a four-count superseding indictment (the "Superseding Indictment") against Defendant. [35].

The Superseding Indictment added a forfeiture provision in addition to the four counts in the Indictment. The Government sought forfeiture of certain property, pursuant to 21 U.S.C. §§ 853 and 970, which constituted proceeds gained as a result of Defendant's criminal violations, and the $2,500 in cash ("the $2,500") that was in Defendant's possession at the time of his arrest at Hartsfield. (Id.).

---

[1] "The gross weight of the pellets . . . was approximately 1.30 kilograms." (Id.).

On July 21, 2010, Defendant pleaded guilty to all four counts of the Superseding Indictment. [53]. On March 25, 2011, Defendant was sentenced to sixty (60) months imprisonment on each count, to be served concurrently, five (5) years of supervised release, and a $400 special assessment.[2]

On August 19, 2011, after the Government provided notice to third parties of the forfeiture, the Court entered a final order of forfeiture (the "Final Order") on the $2,500. [88].

On June 25, 2013, Defendant sent a letter to the Court asking that the Court "instruct the U.S. Customs . . . to release [his] personal belongings and cash to [his] family." [92.1]. On June 26, 2013, the Court denied Defendant's request for the $2,500, but granted Defendant leave to specify the "personal belongings" that he sought to have returned. [92] at 2.

On September 19, 2013, Defendant filed his "Motion for Return of Luggage" ("Motion") requesting the Court order his "arresting officer to release [his bag]." (Mot. at 1). Although largely incomprehensible, Defendant asserts that "[he is] talking about the money their [sic] too [sic] from [him] when [he] was

---

[2] On March 16, 2011, Defendant executed a Consent Preliminary Order of Forfeiture (the "Preliminary Order") which provides that Defendant forfeits the $2,500. [79]. The Preliminary Order provides that third parties could file a claim to the $2,500, and that if no claims were filed, the Preliminary Order would become final.

3

arrested just only [his] personal bag [he] had clothes, shoe, [sic] and phone." (Id.).

On December 18, 2013, the Government filed its Response [95] to Defendant's Motion. The Government attached documents showing that on April 12, 2010, Defendant signed a "Baggage Release Notice," which provides that "the baggage will be considered abandoned" and "will be destroyed or sold at a public auction," if Defendant failed to provide, "within 30 days of the date of detention," "a legitimate name, address and phone number of someone who can and will accept this baggage." [95]. The Government asserts that, because Defendant failed to provide the required information, on October 14, 2010, the CBP destroyed Defendant's bag, and Defendant's Motion thus is moot. [95.3].

## II. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government[,]" and "in order for a district court to grant a Rule 41(g) motion, the owner of the property

must have clean hands." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). In post-judgment Rule 41(g) proceedings, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)).[3]

To the extent Defendant seeks return of the $2,500, "[a] movant retains no possessory interest in money forfeited in a criminal proceeding." See United States v. Chikeluba, No. 1:10-cr-0196-WBH-JFK, 2012 WL 7827855, at *3 (N.D.Ga. Dec. 14, 2012) (citing United States v. Palacios Gonzalez, 372 F. App'x 996, 998 (11th Cir. 2010)). "Thus, Rule 41(g) is unavailable to recover property that has been forfeited to the government as part of a criminal sentence." Id. (citing United States v. Guerra, 426 F. App'x 694, 697 (11th Cir. 2001). Here, Defendant is not entitled to recover the $2,500 because Defendant forfeited the funds pursuant to the Final Order.

Defendant also seeks to recover his "personal bag" that contained his "clothes, shoe [sic] and phone." (Mot. at 1). The Government provided adequate

---

[3] In Potes Ramirez, the court refers to Rule 41(e). In 2002, Rule 41(e) was reclassified, without any substantive changes, as Rule 41(g). See United States v. Chikeluba, 2012 WL 7827855, at *3 n.6.

notice to Defendant by sending him a "Baggage Release Notice." Defendant signed the notice, acknowledging that he was required to provide a legitimate name and address for a person who could accept his luggage, and that if he failed to do so within thirty days, or if he provided an invalid address, his bag would be considered abandoned and would be destroyed. [95]. Defendant does not assert, and it does not appear, that he complied with or responded to the procedures in the Baggage Release Notice.

The Government provided a "Record of Destruction" document as proof that on October 14, 2010, Defendant's luggage was destroyed. [95.3]. The Government thus cannot return the destroyed luggage to Defendant. "After property has been destroyed . . . a movant has no right under Rule 41(g) to the return of property that the government no longer possesses." See Chikeluba, 2012 WL 7827855 at *3.

If property has been destroyed, "the Court retains power to fashion an equitable remedy under . . . Rule 41(g)." Id. at 4 (citing Potes Ramirez, 260 F.3d at 1314-15). Defendant does not request, and the Court is not aware of, an equitable remedy to compensate Defendant for his destroyed luggage. Even if

Defendant requested equitable relief, he did not come to the Court with clean hands and is not entitled to equitable relief. [4]

Defendant is also not entitled to money damages because "sovereign immunity protects the government from money damages" sought under Rule 41(g). See id. (citing Potes Ramirez, 260 F.3d at 1316); see also Kosak v. United States, 465 U.S. 848, 854 (1984) (noting that the Government does not waive its sovereign immunity in "a claim resulting from negligent handling or storage of detained property.").

---

[4]   In Georgia,

> "[u]nclean hands" is a shorthand reference to OCGA § 23-1-10, which states, "He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." See Dobbs v. Dobbs, 270 Ga. 887, 888, 515 S.E.2d 384 (1999) (noting that OCGA § 23-1-10 "embodies both the 'unclean hands' doctrine and the concept that 'one will not be permitted to take advantage of his own wrong.'" (citations omitted)). However, relief is precluded only if the inequity so infects the cause of action that to entertain it "'would be violative of conscience.'" Pryor v. Pryor, 263 Ga. 153, 153, 429 S.E.2d 676 (1993).

Defendant's Motion for the Return of Luggage [93] is thus required to be denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Return of Luggage [93] is **DENIED**.

**SO ORDERED** this 14th day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE